UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-8990 CAS (VBKx) | Date | May 13, 2013 |
|---|---|---|---|
| Title | ROBERT E. LYON V. EDWIN D. SCHINDLER, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants |
|---|---|
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS); MOTION FOR SUMMARY JUDGMENT AS TO ALL CLAIMS ALLEGED IN THE COMPLAINT (Docket #32, filed March 25, 2013)

## I. INTRODUCTION

Plaintiff Robert Lyon ("Lyon") filed the instant action in Los Angeles County Superior Court on September 17, 2012 against Edwin Schindler ("Schindler"). Subsequently, Schindler removed the action to this Court on October 18, 2012. Lyon's complaint asserts five claims for relief: (1) breach of contract, (2) open book account, (3) account stated, (4) reasonable value of services, and (5) fraud. Also, Schindler has filed a single counterclaim against plaintiff for conversion.

On March 25, 2013, Schindler filed a motion for summary judgment. Lyon filed an opposition on April 22, 2013, and Schindler replied on April 25, 2013. The Court held a hearing on April 29, 2013, and issued a tentative order granting Schindler's motion. After further considering the parties' arguments, the Court finds and concludes as follows.

## II. BACKGROUND

This case arises out of a dispute over attorney's fees incurred for services performed by Lyon and Schindler for Elias Amkie and Stich 'N Genius (collectively "Amkie").[1] Schindler and Lyon jointly represented Amkie in patent and trademark

---

[1] In setting out the undisputed facts underlying a motion for summary judgment, it is the Court's usual practice to cite to sections of the parties' "Statement of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-8990 CAS (VBKx) | Date | May 13, 2013 |
|---|---|---|---|
| Title | ROBERT E. LYON V. EDWIN D. SCHINDLER, ET AL. | | |

infringement litigation in the Central District of California between 2009 – 2010 (the "Amkie case"). Initially, Schindler was retained to handle the litigation, but because Schindler resides and is licensed to practice law in New York, he contacted Lyon to act as local counsel in the Amkie case. Dkt. #45 Ex. 7. Lyon agreed. Id.

Shortly after agreeing to act as local counsel, Lyon submitted a written representation agreement to Amkie setting out the terms on which Lyon would act as local counsel and receive payment. Dkt. #45 Ex. 5. Lyon contends that this agreement was never signed by Amkie. Id. Additionally, Lyon claims that around the time he agreed to act as local counsel for Schindler, Schindler promised that he would be responsible for paying Lyon. Complaint ¶ 13.[2]

After the Amkie case was completed, on September 10, 2010, Lyon filed a lawsuit against Amkie in Los Angeles County Superior Court seeking attorney's fees. See

---

Uncontroverted Facts" and "Statement of Genuine Disputes," which must be submitted by the moving party and opposing party respectively pursuant to Local Rules 56.1 – 56.2. Lyon has not, however, submitted a Statement of Genuine Disputes, and this alone provides grounds for the Court to find that all factual claims made and supported by Schindler are admitted for purposes of this motion. L.R. 56-3. Moreover, Lyon has not submitted a competent affidavit or declaration in opposition to Schindler's motion, because his declaration does not contain any oath or affirmation swearing the contents are truthful. Instead, his declaration merely states, "I, Robert E. Lyon make this Declaration based upon my own personal knowledge as a percipient witness and participant in the circumstances. As to the facts declared, they are true to the best of my knowledge, information and belief, and as to any facts declared based upon information and belief, I believe them to be true." Dkt. #45, Lyon Decl. at 1; Williams v. Pierce County Bd. of Com'rs, 267 F.2d 866, 866 (9th Cir. 1959) (affidavit must contain oath, affirmation, or other sworn statement). These deficiencies are ultimately inconsequential, however, because the factual contentions set out in Lyon's submissions do not controvert the material facts underlying Schindler's motion for summary judgment. In fact, the parties agree on the material facts underlying Schindler's motion, but only dispute the legal conclusions that follow from those facts.

[2] The details underlying Schindler's payment arrangement with Amkie are unclear, but are immaterial to this case.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-8990 CAS (VBKx) | Date | May 13, 2013 |
|---|---|---|---|
| Title | ROBERT E. LYON V. EDWIN D. SCHINDLER, ET AL. | | |

<u>Robert E. Lyon v. Elias Amkie, an Individual, and Stitch 'n Genius, Inc.</u>, Case No. YC063207. Schindler was not a party to that lawsuit. In response to Lyon's complaint, Amkie filed a cross-complaint on December 7, 2010, alleging claims for fraud, tortuous interference with contract and economic advantage, and malpractice. Additionally, Lyon claims that he demanded payment of his attorney's fees from Schindler by e-mail at some point between September 2010 and January 2011.

Even though Schindler was not a party to the Lyon case, Amkie and Schindler also contemplated claims against one another for malpractice and attorney's fees, respectively, arising out of the Amkie case. Accordingly, on January 10, 2011, a Mutual General Release ("Release") was executed by Lyon, Schindler, and Amkie. Dkt. #33 Ex. 3. This document provides:

    A.    This Mutual General Release ("Agreement" is entered into between Edwin D. Schindler ("Schindler") and Robert E. Lyon ("Lyon"), on the one hand, and Elias Amkie and Stitch 'N Genius, Inc., on the other hand (collectively "Amkie").

    B.    In consideration of the mutual covenants contained herein, the parties now and forever release and discharge each other and their respective agents, employees, successors, insurers, principals, attorneys and assigns from and against any and all claims, demands, obligations, losses, damages, costs, attorney fees, attorney liens, actions, causes of action, and liabilities of whatever kind and nature, whether known or unknown, suspected or claimed, as well as all claims known or unknown to the fullest extent of the law. The parties specifically release and discharge all claims for attorney fees and all claims for legal malpractice including any and all claims related to Los Angeles Superior Court Case Number: YC063207. Elias Amkie and Stitch 'N Genius agree to dismiss, with prejudice, all claims against Edwin D. Schindler and Robert E. Lyon in LASC No. YC063207.

<u>Id.</u> Additionally, the settlement contains a waiver of rights under California Civil Code Section 1542. <u>Id.</u> ¶¶ C – D.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-8990 CAS (VBKx) | Date | May 13, 2013 |
|---|---|---|---|
| Title | ROBERT E. LYON V. EDWIN D. SCHINDLER, ET AL. | | |

While the terms of settlement between Schindler and Amkie are not clear, Lyon alleges that he has not received payment for legal services performed in connection with the Amkie case. He now seeks approximately $200,000 in attorney's fees from Schindler.

### III.   LEGAL STANDARD

Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of identifying relevant portions of the record that demonstrate the absence of a fact or facts necessary for one or more essential elements of each claim upon which the moving party seeks judgment. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

If the moving party meets its initial burden, the opposing party must then set out specific facts showing a genuine issue for trial in order to defeat the motion. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986); see also Fed. R. Civ. P. 56(c), (e). The nonmoving party must not simply rely on the pleadings and must do more than make "conclusory allegations [in] an affidavit." Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888 (1990); see also Celotex, 477 U.S. at 324. Summary judgment must be granted for the moving party if the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Id. at 322; see also Abromson v. Am. Pac. Corp., 114 F.3d 898, 902 (9th Cir. 1997).

In light of the facts presented by the nonmoving party, along with any undisputed facts, the Court must decide whether the moving party is entitled to judgment as a matter of law. See T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 631 & n.3 (9th Cir. 1987). When deciding a motion for summary judgment, "the inferences to be drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (citation omitted); Valley Nat'l Bank of Ariz. v. A.E. Rouse & Co., 121 F.3d 1332, 1335 (9th Cir. 1997). Summary judgment for the moving party is proper when a rational trier of fact would not be able to find for the nonmoving party on the claims at issue. See Matsushita, 475 U.S. at 587.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-8990 CAS (VBKx) | Date | May 13, 2013 |
|---|---|---|---|
| Title | ROBERT E. LYON V. EDWIN D. SCHINDLER, ET AL. | | |

## IV.  ANALYSIS

Schindler asserts that there are two grounds upon which the Court should grant summary judgment in his favor. The Court considers each argument in turn.

### A.  Settlement Release

First, Schindler argues that Lyon is barred by the Release from asserting any claim against him arising out of the Amkie case. In response, Lyon argues that the Release cannot be construed so broadly. Lyon contends that the Release only applies to claims by Amkie against Lyon and Schindler or claims by Lyon and Schindler against Amkie, not claims between Lyon and Schindler. Resolution of this disagreement requires the Court to construe the Release.

Under California law, "the interpretation of a settlement agreement is governed by the same principles applicable to any other contractual agreement." Winet v. Price, 4 Cal. App. 4th 1159, 1165 (1992); Perfumebay.com Inc. v. eBay, Inc., 506 F.3d 1165, 1178 (9th Cir. 2007). "In contract cases, summary judgment is appropriate only if the contract or contract provision in question is unambiguous." Castaneda v. Dura-Vent Corp., 648 F.2d 612, 619 (9th Cir. 1981). Moreover, "the determination of whether contract language is ambiguous is a question of law." O'Neil v. United States, 50 F.3d 677, 682 (9th Cir. 1995). If a contract is ambiguous, "ordinarily summary judgment is improper as differing views of the intent of parties will raise genuine issues of material fact." United States v. Sacramento Municipal Utility Dist., 652 F.2d 1341, 1344 (9th Cir. 1981).

The Court therefore applies California contract law to interpret the Release. "The language of a contract is to govern its interpretation, if the language is clear and explicit, and does not involve an absurdity," and "[w]hen a contract is reduced to writing, the intention of the parties is to be ascertained from the writing alone, if possible." Cal. Civ. Code §§ 1638 – 1639. Additionally, "[t]he whole of a contract is to be taken together, so as to give effect to every part, if reasonably practicable, each clause helping to interpret the other." Id. § 1641. Moreover, "[t]he words of a contract are to be understood in their ordinary and popular sense, rather than according to their strict legal meaning; unless used by the parties in a technical sense, or unless a special meaning is given to them by usage, in which case the latter must be followed." Id. § 1644. Finally, "[a] contract must receive such an interpretation as will make it lawful, operative, definite, reasonable, and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-8990 CAS (VBKx) | Date | May 13, 2013 |
|---|---|---|---|
| Title | ROBERT E. LYON V. EDWIN D. SCHINDLER, ET AL. | | |

capable of being carried into effect, if it can be done without violating the intention of the parties." Id. § 1643.

Schindler argues that the language of the Release is unambiguous, and demonstrates that Lyon agreed to release and discharge Schindler from any liability for attorney's fees related to the Amkie case. In support of this argument, Schindler points out that he and Lyon were both signatories to the Release, and that the Release states "[t]he parties specifically release and discharge all claims for attorney fees . . . including any and all claims related to [the Amkie case]." Mutual General Release ¶ B. Additionally, Schindler argues that Lyon released him from liability for fees by virtue to the following broad language:

> In consideration of the mutual covenants contained herein, the parties now and forever release and discharge each other and their respective . . . attorneys . . . from and against any and all claims . . . attorney fees . . . and liabilities of whatever kind and nature, whether known or unknown, suspected or claimed, as well as claims known or unknown to the fullest extent of the law.

Id. Schindler also argues that, as an attorney, Lyon should be charged with a full understanding of the meaning and consequences of the terminology used in the Release. See Bodle v. Bodle, 76 Cal. App. 3d 758, 764 (1978) ("Where a formal contract has been prepared by persons learned in the law, the words should be given their ordinary legal import.").

Lyon argues that this interpretation is incorrect because it misconstrues the meaning of "parties" in the Release. While Schindler's interpretation presupposes that Lyon and Schindler are distinct "parties" to the Release, Lyon argues that there are only two "parties" in the agreement: Amkie is one party, and Lyon and Schindler collectively are the other party. In support of this interpretation, Lyon points to the following language:

> This Mutual General Release ("Agreement") is entered into between Edwin D. Schindler ("Schindler") and Robert E. Lyon ("Lyon"), on the one hand, and Elias Amkie and Stitch 'N Genius, Inc., on the other hand (collectively "Amkie").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-8990 CAS (VBKx) | Date | May 13, 2013 |
|---|---|---|---|
| Title | ROBERT E. LYON V. EDWIN D. SCHINDLER, ET AL. | | |

Mutual General Release ¶ A. Lyon further argues that by the terms of the Release, it is only these two parties that have released claims against one another. Lyon and Schindler, as one party, released their claims against Amkie, and vice-versa. Therefore, since Lyon and Schindler were members of the same party, Lyon concludes the Release does not apply to Lyon's claims against Schindler.

The Court finds that the contract is ambiguous with respect to whether it releases claims between Lyon and Schindler. Lyon and Schindler both present a reasonable interpretation of the term "parties," and since these diverging interpretations result in different conclusions about the scope of the release, the Court cannot conclude that the contract is unambiguous. Transamerica Ins. Co. v. Superior Court, 29 Cal. App. 4th 1705, 1714 (1994) ("A term is ambiguous if it is susceptible of two or more interpretations."). Since the Court finds that the terms of the contract are ambiguous, summary judgment is inappropriate, so the Court finds that Schindler's motion cannot be granted based on Release. Sacramento Municipal Utility Dist., 652 F.2d 1341, 1344.[3]

**B.    Statute of Limitations**

Second, Schindler argues that Lyon's claims are barred by the applicable statute of limitations. Schindler argues that because Lyon's claims do not arise out of a written agreement, they are subject to the two year statute of limitations set out in California Code of Civil Procedure section 339(1). Schindler contends that Lyon's claims are barred by this statute of limitations because they accrued in February 2010. According to Schindler, February 2010 is the correct date of accrual because Lyon's claims seek money damages arising out of legal services performed, and such claims accrue once all

---

[3] Schindler also argues that Lyon's claims against him are subject to the release because the release applies to claims against the parties' "attorneys," and Schindler was Amkie's attorney. At best, however, the term "attorney" as it is used in the Release, is ambiguous, because it could be interpreted to mean "present attorney" or "past attorney," and if it is interpreted to mean "present attorney," claims against Schindler do not fall within the scope of release. Consequently, the Court cannot find that the Release unambiguously applies to Lyon's claims against Schindler because Schindler is Amkie's attorney.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-8990 CAS (VBKx) | Date | May 13, 2013 |
|---|---|---|---|
| Title | ROBERT E. LYON V. EDWIN D. SCHINDLER, ET AL. | | |

services are performed. Since Schindler and Lyon ceased performing legal services for Amkie in February 2010, Schindler contends that Lyon's claims accrued at that time.

In response, Schindler does not dispute – for purposes of the instant motion – that his claims are subject to a two year statute of limitations. Schindler asserts, however, that his claims did not arise until January 2011. Lyon explains that his claims against Schindler did not arise until Schindler signed the Release and thereby disavowed any further intent of recovering fees for Schindler and Lyon. Until Schindler refused to recover fees on behalf of Lyon from Amkie, Lyon argues that he had no claim against Schindler, leading to the conclusion that his claim did not accrue until January 2011.

A claim for relief seeking damages for the reasonable value of services performed accrues at the time the services end. Estate of Fincher, 119 Cal. App. 3d 343, 353 (1981); McManus v. Allan, 32 Cal. App. 2d 275, 281 (1939). If Lyon's claim against Schindler were subject to this rule, it appears that the claim would be barred by the two year statute of limitations. Lyon has not, however, alleged a simple oral agreement with Schindler for payment of legal services. Instead, as alleged in Lyon's complaint, the oral agreement provided that Schindler "would be responsible for the payment of Lyon's services and costs even though he expected that Lyon's fees and costs would be paid by [Amkie]." Complaint ¶ 13. Lyon has therefore alleged that Schindler was obligated to pay his legal fees only in the event that Amkie was unwilling or unable to pay Lyon's fees. Schindler purportedly breached this obligation in January 2011, when Schindler released his claims against Amkie and refused to pay Lyon. No breach of this obligation is alleged to have occurred prior to January 2011. Therefore, Lyon's claim is timely under the two year statute of limitations set out in section 339, so the Court rejects Schindler's argument.

**V.    CONCLUSION**

In accordance with the foregoing, defendant's motion for summary judgment is hereby DENIED.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | | CMJ |