UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-8990 CAS (VBKx) | Date | June 12, 2013 |
|---|---|---|---|
| Title | ROBERT E. LYON V. EDWIN D. SCHINDLER, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants |
|---|---|
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS): PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AS TO DISMISS COUNTERCLAIM FOR CONVERSTION (Docket #49, filed April 28, 2013)

The Court finds this motion appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing date of June 17, 2013 is vacated, and the matter is hereby taken under submission.

## I.   INTRODUCTION

Plaintiff Robert Lyon ("Lyon") filed the instant action in Los Angeles County Superior Court on September 17, 2012 against Edwin Schindler ("Schindler"). Subsequently, Schindler removed the action to this Court on October 18, 2012. Lyon's complaint asserts five claims for relief: (1) breach of contract, (2) open book account, (3) account stated, (4) reasonable value of services, and (5) fraud. Also, Schindler has filed a single counterclaim against plaintiff for conversion.

On April 28, 2013, Lyon filed a motion for summary judgment regarding Schindler's counterclaim for conversion. On May 28, 2013, Schindler filed an opposition. No reply has been filed. After considering the parties' arguments, the Court finds and concludes as follows.

## II.   BACKGROUND

The claims in this matter arise out of a dispute over attorney's fees for services performed by Lyon and Schindler for Elias Amkie and Stich 'N Genius (collectively "Amkie"). Schindler and Lyon jointly represented Amkie in patent and trademark

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-8990 CAS (VBKx) | Date | June 12, 2013 |
|---|---|---|---|
| Title | ROBERT E. LYON V. EDWIN D. SCHINDLER, ET AL. | | |

infringement litigation in the Central District of California between 2009 – 2010 (the "Amkie case"). Further background facts are known to the parties and set out more fully in the Court's order dated May 13, 2013. Dkt. #57. In short, Lyon alleges that Schindler promised to compensate Lyon for services related to the Amkie case, but that Schindler has wrongfully failed to provide this compensation.

    Schindler's counterclaim alleges the following. In connection with the Amkie case, Schindler and Lyon filed an action seeking declaratory relief, Hair Tech, Inc. v. MM&R Products, Inc., CV 09-cv-7726 VBF (the "Hair Tech case"). The plaintiff in the Hair Tech case was Hair Tech, Inc., one of Amkie's suppliers, and the Hair Tech case challenged the validity of the patent upon which Amkie was sued in the Amkie case. Counterclaim, Dkt. #9, ¶ 6. Schindler alleges that Lyon and Schindler had planned to share any funds they received for their work prosecuting the Hair Tech case. Id. ¶¶ 12, 15 – 16. According to Schindler, however, Lyon received fees from Hair Tech for their joint work, but wrongfully retained possession of the fees rather than sharing them with Schindler. Id. ¶ 20. Schindler's counterclaim seeks a portion of the fees paid to Lyon by Hair Tech. Id. ¶¶ 22 – 23.

    Lyon has moved for summary judgment, arguing that Schindler's claim for conversion fails because Lyon never received money from Hair Tech. Lyon's Statement of Uncontroverted Facts ("SUF") ¶¶ 4, 6, 9. In opposition, Schindler disputes whether Lyon has received funds from Hair Tech, and controverts Lyon's position by pointing to two facts. First, Schindler points out that Lyon submitted a bill for legal services and costs to Hair Tech in February 2010. Schindler's Statement of Genuine Disputes ("SGD") ¶ 1; Schindler Decl. ¶ 2, Ex. 1. Second, Schindler points out that Lyon sued Amkie for collection of legal fees arising out of the Amkie case and Hair Tech case, but never sued Hair Tech to collect fees. Schindler's SGD ¶ 7. Taking these two facts together, Schindler argues that it is reasonable to conclude that the reason Lyon never sued Hair Tech is that he was paid by Hair Tech. Id. ¶¶ 8 – 9.[1]

    Neither party has submitted a declaration or other evidence from Hair Tech's managers or legal counsel regarding whether Hair Tech paid money to Lyon.

---

[1] Schindler also states that he is planning to seek discovery from Lyon regarding Lyon's financial records from October 2009 until October 2012.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-8990 CAS (VBKx) | Date | June 12, 2013 |
|---|---|---|---|
| Title | ROBERT E. LYON V. EDWIN D. SCHINDLER, ET AL. | | |

### III. LEGAL STANDARD

Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of identifying relevant portions of the record that demonstrate the absence of a fact or facts necessary for one or more essential elements of each claim upon which the moving party seeks judgment. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

If the moving party meets its initial burden, the opposing party must then set out specific facts showing a genuine issue for trial in order to defeat the motion. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986); see also Fed. R. Civ. P. 56(c), (e). The nonmoving party must not simply rely on the pleadings and must do more than make "conclusory allegations [in] an affidavit." Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888 (1990); see also Celotex, 477 U.S. at 324. Summary judgment must be granted for the moving party if the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Id. at 322; see also Abromson v. Am. Pac. Corp., 114 F.3d 898, 902 (9th Cir. 1997).

In light of the facts presented by the nonmoving party, along with any undisputed facts, the Court must decide whether the moving party is entitled to judgment as a matter of law. See T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 631 & n.3 (9th Cir. 1987). When deciding a motion for summary judgment, "the inferences to be drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (citation omitted); Valley Nat'l Bank of Ariz. v. A.E. Rouse & Co., 121 F.3d 1332, 1335 (9th Cir. 1997). Summary judgment for the moving party is proper when a rational trier of fact would not be able to find for the nonmoving party on the claims at issue. See Matsushita, 475 U.S. at 587.

### IV. ANALYSIS

"Conversion is the wrongful exercise of dominion over the personal property of another." Taylor v. Forte Hotels International, 235 Cal. App. 3d 1119, 1124 (1991). "The basic elements of the tort are (1) the plaintiff's ownership or right to possession of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-8990 CAS (VBKx) | Date | June 12, 2013 |
|---|---|---|---|
| Title | ROBERT E. LYON V. EDWIN D. SCHINDLER, ET AL. | | |

personal property; (2) the defendant's disposition of the property in a manner that is inconsistent with the plaintiff's property rights; and (3) resulting damages." Fremont Indem. Co. v. Fremont General Corp., 148 Cal. App. 4th 97, 119 (2007). "[W]here an agent accepts a sum of money to be paid to another and fails to make the payment," conversion is an appropriate claim for relief. PCO, Inc. v. Christensen, Miller, Fink, Jacobs, Glaser, Weil & Shapiro, LLP, 150 Cal. App. 4th 384, 395 (2007).

Lyon argues that he is entitled to summary judgment because he never received payment from Hair Tech for legal services. As the party moving for summary judgment, Lyon has the burden of demonstrating that there are no genuine disputes of fact regarding whether he received payment. Lyon has not, however, submitted any evidence from Hair Tech, its managers, or its legal counsel supporting his assertion that he never received payment. Instead, Lyon seeks to demonstrate that there is no genuine dispute of fact by relying on his own declaration stating that he never received funds from Hair Tech. Schindler has controverted Lyon's declaration by pointing out that Lyon sent Hair Tech a bill for legal services, but declined to sue them in an attempt to collect legal fees, which supports a reasonable inference that Lyon in fact received payment from Hair Tech. In light of the lack of any evidence from Hair Tech, and in light of Schindler's evidence controverting Lyon's declaration, the Court finds that there are genuine disputes of material fact regarding whether Lyon received payment from Hair Tech, and the Court therefore denies Lyon's motion for summary judgment.

**V.   CONCLUSION**

In accordance with the foregoing, plaintiff's motion is DENIED.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |