UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-8990 CAS (VBKx) | Date | July 3, 2013 |
|---|---|---|---|
| Title | ROBERT E. LYON V. EDWIN D. SCHINDLER, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| CATHERINE JEANG | N/A | N/A | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. | |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants | |
| N/A | | N/A | |

**Proceedings:**   (IN CHAMBERS): Motion for Reconsideration (Docket #58, filed May 24, 2013)

## I.   INTRODUCTION

Plaintiff Robert Lyon ("Lyon") filed the instant action in Los Angeles County Superior Court on September 17, 2012 against Edwin Schindler ("Schindler"). Subsequently, Schindler removed the action to this Court on October 18, 2012. Lyon's complaint asserts five claims for relief: (1) breach of contract, (2) open book account, (3) account stated, (4) reasonable value of services, and (5) fraud. Also, Schindler has filed a single counterclaim against plaintiff for conversion.

On March 25, 2013, Schindler filed a motion for summary judgment. The Court held a hearing regarding this motion on April 29, 2013, and at the hearing, the Court issued a tentative order granting summary judgment in Schindler's favor. At the hearing, Lyon asked the Court for leave to file a five page supplemental brief addressing issues raised in the tentative order. The Court granted such leave to Lyon, and his supplemental brief was filed on April 30, 2013.

After further consideration of the motion for summary judgment, the Court denied the motion on May 13, 2013. On May 24, 2013, Schindler filed a motion for reconsideration, which Lyon opposed on June 3, 2013. In Schindler's motion, Schindler asks the Court for leave to file a five page supplemental brief addressing the Court's order denying his motion for summary judgment. Schindler contends that he should be permitted to file this supplemental brief because Lyon was permitted to file a five page supplemental brief addressing issues raised by the Court's April 30, 2013 tentative order. In an order dated June 17, 2013, the Court permitted Schindler to file the supplemental

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-8990 CAS (VBKx) | Date | July 3, 2013 |
|---|---|---|---|
| Title | ROBERT E. LYON V. EDWIN D. SCHINDLER, ET AL. | | |

brief. Schindler's brief was filed on June 21, 2013.

After considering the parties' arguments, the Court finds and concludes as follows.

## II. BACKGROUND

The claims in this matter arise out of a dispute over attorney's fees for services performed by Lyon and Schindler for Elias Amkie and Stich 'N Genius (collectively "Amkie"). Schindler and Lyon jointly represented Amkie in patent and trademark infringement litigation in the Central District of California between 2009 – 2010 (the "Amkie case"). In a January 10, 2011 settlement, Lyon and Schindler entered into a settlement with Amkie, discharging all of their claims against Amkie for attorney's fees (the "Amkie settlement").

Further background facts are known to the parties and set out more fully in the Court's order dated May 13, 2013. Dkt. #57. In short, the gravamen of this case is Lyon's allegation that Schindler promised to compensate Lyon for services related to the Amkie case, but that Schindler has wrongfully failed to provide this compensation.

## III. LEGAL STANDARD

Local Rule 7-18 sets forth the bases upon which the Court may reconsider a decision:

A motion for reconsideration of the decision on any motion may be made only on the grounds of: (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision. No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion.

L.R. 7-18.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-8990 CAS (VBKx) | Date | July 3, 2013 |
|---|---|---|---|
| Title | ROBERT E. LYON V. EDWIN D. SCHINDLER, ET AL. | | |

## IV. ANALYSIS

### A. Motion for Reconsideration

In the Court's order denying Schindler's motion for summary judgment, the Court found that there were disputed issues of fact regarding whether the Amkie settlement extinguished claims between Lyon and Schindler, or whether it only extinguished Lyon's claims against Amkie. Dkt. #57 at 7. Schindler asks the Court to reconsider this conclusion. Schindler argues that in his original motion for summary judgment, he took the position that Lyon's claims against Schindler were discharged by the settlement with Amkie because, in connection with that settlement, Lyon received legally adequate consideration for all of his claims for attorney's fees arising out of the Amkie case, whether those claims lie against Schindler or against Amkie. Consequently, Schindler concludes that because Lyon has received consideration for his claims for attorney's fees arising out of the Amkie case, Lyon has received compensation for the claims in this litigation, and therefore cannot pursue his claims against Schindler.

The Court declines to reconsider its conclusion. Schindler does not contend that Lyon actually received payment for legal services in connection with the Amkie settlement, but instead argues that the mutual general release of claims with Amkie was sufficient consideration for Lyon's claims for attorney's fees. Consequently, Schindler's argument is not materially different from his argument – discussed at length in the Court's order denying summary judgment – that Lyon's claims against both Amkie and Schindler were within the scope of the mutual general release executed in connection with the Amkie settlement. Dkt. #57 at 4 – 6. The mutual general release of claims could only have provided Lyon consideration for releasing his claims against Schindler if claims between Schindler and Lyon were within the scope of the Amkie settlement. Otherwise, if the claims against Schindler were not within the scope of the settlement, the release of claims received by Lyon in connection with the settlement could not have been adequate consideration for settling claims against Schindler. Since the Court has explicitly addressed Schindler's argument that Lyon's claims against Schindler were within the scope of the Amkie settlement, the request for reconsideration is denied.

///
///

### B. SUPPLEMENTAL BRIEFING

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-8990 CAS (VBKx) | Date | July 3, 2013 |
|---|---|---|---|
| Title | ROBERT E. LYON V. EDWIN D. SCHINDLER, ET AL. | | |

In his motion for summary judgment, Schindler argued that all of Lyon's claims were barred by the applicable statute of limitations because they accrued more than two years prior to the initiation of this litigation. See Cal. Code Civ. Proc. § 339 (two year statute of limitations for breach of oral obligation). The Court disagreed, finding that there were disputed questions of fact regarding the date upon which Lyon's claims accrued. Dkt. #57 at 7 – 8. The Court's reasoning first pointed out that the obligation alleged in Lyon's complaint was that Schindler "would be responsible for the payment of Lyon's services and costs even though he expected that Lyon's fees and costs would be paid by [Amkie]." Complaint ¶ 13. The Court further reasoned that the payment obligation alleged by Lyon, therefore, only came about once Lyon's claims against Amkie were settled and payment from Amkie for Lyon's services was not forthcoming. Since the settlement with Amkie took place in January 2011, less than two years prior to the filing of this lawsuit, the Court concluded that Schindler could not be granted summary judgment on the grounds that Lyon's claims were barred by the statute of limitations.

In his supplemental briefing, Schindler challenges this reasoning. Schindler argues that the Court should construe the obligation alleged in Lyon's complaint as a surety obligation, under which Schindler promised Lyon that Schindler would answer for the debts of Amkie. Schindler further contends that claims against a surety accrue at the same time as claims against the debtor whose obligations are the subject of the surety agreement. Winick Corp. v. General Ins. Co., 187 Cal. App. 3d 142, 148 (1986) ("The general rule is that the liability of a surety accrues at the same time as that of the principal."). Schindler concludes, therefore, that because Lyon's claims against Amkie accrued more than two years prior to the filing of the lawsuit, Lyon's claims against Schindler also must have accrued at that time, implying that the claims are barred by the applicable statute of limitations.

"A surety or guarantor is one who promises to answer for the debt, default, or miscarriage of another, or hypothecates property as security therefor." Cal. Civ. Code § 2787. A fundamental element of a surety agreement is the existence of a debt or default. See, e.g., Cates Construction, Inc. V. Talbot Partners, 21 Cal.4th 28, 38 (1999) ("In the absence of default, the surety has no obligation."). In the absence of any debt or obligation of the principal, a surety has no obligation. Id. at 39 (citing Cal. Civ. Code § 2809).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-8990 CAS (VBKx) | Date | July 3, 2013 |
|---|---|---|---|
| Title | ROBERT E. LYON V. EDWIN D. SCHINDLER, ET AL. | | |

  In light of these principles, the Court finds that the agreement alleged in Lyon's complaint cannot be construed as a surety agreement. Lyon has not alleged that Schindler was to be responsible for Amkie's obligations. Instead, Lyon has alleged that Schindler was to be responsible for paying fees for legal services Lyon rendered in connection with the Amkie case, regardless of whether Amkie had an obligation to pay Lyon for those services. The agreement alleged in Lyon's complaint, therefore, does not rest on the existence of any obligation of Amkie, and it cannot be considered a surety agreement.

  Accordingly, the Court reaffirms its ruling that there are disputed issues of material fact regarding when Lyon's claims accrued, and that Schindler's motion for summary judgment should therefore be denied.

## IV. CONCLUSION

  In accordance with the foregoing, Schindler's motion for reconsideration is hereby DENIED.

  IT IS SO ORDERED.

| | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | MS | | |